UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:04CR-116-H

UNITED STATES OF AMERICA																	PLAINTIFF

V.

MICHAEL BLACK																						DEFENDANT

**MEMORANDUM AND ORDER**

Defendant, Michael Black, has (1) moved to dismiss numerous counts of the Third Superseding Indictment, (2) moved to sever various counts of the Third Superseding Indictment, and (3) moved for a motion in limine to preclude admission of certain evidence. The Court will consider each in turn.

Defendant has moved to dismiss Counts 3, 4 and 5 of the Third Superseding Indictment on the grounds that bringing these charges in federal court constitutes a violation of double jeopardy. Both the Supreme Court of the United States long ago and recently the Sixth Circuit have held that when a defendant commits an act which is an offense against the state and also an offense against the United States, the defendant has committed two different offenses by the same act. Successive state and federal prosecutions for the same acts do not violate the Double Jeopardy Clause. *See United States v. Lanza*, 260 U.S. 377, 382 (1922); *United States v. Forrest*, 402 F.3d 678, 691 (6th Cir. 2005). Consequently, for Defendant to be charged in both state and federal courts for the same offenses here does not violate Defendant's rights under the Fifth Amendment of the United States Constitution.

Defendant also moves that Counts 1 and 2 of the Third Superseding Indictment be severed from Counts 3, 4 and 5 and severed from Count 6 of the same indictment.  Defendant argues that he would be unfairly prejudiced by consideration of all the charges in the same trial.  All of the charges are of the same general kinds of offenses.  All the charges, with a possible exception of Count 1, occurred within the same general time frame.  It appears that some of the evidence concerning each of the charges is interrelated with other charges.  Indeed, the United States may even be able to argue that the evidence shows a common scheme of plan of criminal conduct involving the sexual exploitation of children.  Certainly, the accumulation of this kind of evidence is harmful to Defendant.  However, the Court does not find that it is unfairly prejudicial.  The charges are distinct enough that the jury will be able to differentiate between the charges and the evidence supporting each.  To have three separate trials involving these related charges and overlapping proof would be unnecessary and a drain of judicial resources under the circumstances.

Defendant has moved in limine to exclude evidence pertaining to his activities in Greenville, Illinois.  Those activities concern his contact with an underage girl known as "Steen."  His activities with Steen constitute another crime which is not charged.  Evidence of this crime would be prejudicial to Defendant in his current case.  Nevertheless, the Court concludes that the probative value of this evidence outweighs its prejudicial impact.  Defendant referred to his relations with "Steen" during his conversations with "Tina Green Eyes."  Defendant has denied the activities relating to "Tina Green Eyes."  Therefore, proving that the events with "Steen" actually occurred, also provides strong evidence that Defendant did have a conversation with "Tina Green Eyes" as charged in the Third Superseding Indictment.  The

evidence of his conduct with "Steen" tends to strongly suggest the truth of the allegations in the Third Superseding Indictment. Therefore, these are directly relevant to the charges.

The United States argues that the evidence is admissible under Rule 402, Federal Rules of Evidence, as well as under Rule 404(b). Under Rule 402, the Court will allow limited evidence regarding the activities with "Steen" to prove the truth of the activities referred to in his internet conversations with "Tina Green Eyes." At this time, the Court will withhold its decision on whether to permit the introduction of more expansive evidence under Rule 404(b) to provide motive, intent, preparation, plan, knowledge, identity or absence of mistake.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion to dismiss is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to sever various counts of the Third Superseding Indictment is DENIED.

IT IS FURTHER ORDERED that Defendant's motion in limine is DENIED in part as to Rule 402 and is taken under further advisement as to the Rule 404(b) issue.

cc:   Counsel of Record