UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:04CR-116-H

UNITED STATES OF AMERICA                                                                          PLAINTIFF

V.

MICHAEL BLACK                                                                                            DEFENDANT

**MEMORANDUM OPINION AND ORDER**

After the United States became aware of a possible attorney-client relationship between Defendant's counsel, Don Major, and a witness for the prosecution, it quite properly raised its concern. After his own review, Mr. Major determined that he had no attorney-client relationship with the witness, who happened to be Defendant's former wife, Sherry Yang. The United States disagreed and in an abundance of caution has moved to disqualify Mr. Major from representation in the case. The Court has heard testimony and argument.

This is an unusual case. Normally, a defendant raises the issue of attorney-client privilege to prevent his own lawyer from testifying against him. Here, the relationship is raised to bar an attorney from representing that Defendant. Thus, the request in these circumstances implicates the right of a defendant to his own counsel. Defendant, in fact, wants Mr. Major to continue as his counsel. Kentucky seems to view an attorney-client relationship as, in part, a contractual matter. The parties must either agree to the relationship or act in a manner manifesting an intent to create it. *See Lovell v. Winchester*, 941 S.W.2d 466, 468 (Ky. 1997). The Sixth Circuit has said that '[w]hen presented with a motion to disqualify, the Court must

make a careful inquiry, balancing the constitutional right of the defendant to representation by counsel of his choosing with the Court's interest in the integrity of the proceedings and the public's interest in the proper administration of justice: *United States v. Mays*, 69 F.3d 116, 121 (6th Cir. 1995).

The Court makes the following findings of fact from the testimony. After Defendant's arrest in Ohio, he called his wife, Ms. Yang, and asked her to hide his home computer. She made an attempt to unplug the computer, quickly became frustrated and then thought better of the entire effort. At the same time, officials in Kentucky obtained a search warrant for Defendant's home and executed it while Ms. Yang was at work. They confiscated the computer and noted that someone had attempted to unplug or remove it.

When Ms. Yang returned home, she discovered a search warrant left by law enforcement officials and noticed that the computer had been confiscated. She immediately called the detective and told him everything about her conversation with Defendant and her own attempts to comply with his request to hide the computer. She asked the detective whether she was in any trouble. The detective responded that he did not intend to bring charges.

Soon afterwards, Ms. Yang attempted to engage counsel on behalf of her husband. She contacted a friend, Joe White, for a recommendation. Eventually, she talked with and met with Mr. Major about representing Defendant. Most of the discussion concerned her husband's case. However, Ms. Yang did mention her own conversation with Defendant and her ill-fated attempt to hide the computer. She told Mr. Major that the detective had told her that no charges will be brought against her. In a later conversation with the detective about Defendant's case, Mr. Major confirmed that Ms. Yang was not in legal jeopardy.

For his part, Mr. Major's conduct was absolutely consistent with representation of Defendant and not Ms. Yang. Ms. Yang had been told that she was not at risk of criminal charges. She requested no personal legal advice from Mr. Major; he gave none to her. Ms. Yang disclosed no information to Mr. Major that she had not already disclosed to law enforcement officials. Mr. Major did not undertake a representation or take any legal action on her behalf. He did not represent to anyone or act in a manner that would suggest that he represented Ms. Yang. For its part, the United States has not disclosed any confidential information Mr. Major obtained from Ms. Yang nor has it argued that Mr. Major will have some unfair advantage over the witness. Based upon these factual findings, the Court concludes that Mr. Major did not establish a confidential or attorney relationship with Ms. Yang.

Notwithstanding this evidence, Ms. Yang testified that she believed Mr. Major to be her attorney. The assumptions that she makes, however, are not reasonable in light of the circumstances. She believed that part of the $10,000 retainer concerned work on her behalf. However, there was no case against her and Mr. Major performed no legal work on her behalf. Also, Mr. Major did not suggest an attorney-client relationship and most persons would not have assumed that one existed in these particular circumstances. Ms. Yang consulted Mr. Major on behalf of her husband and, in passing, mentioned her own legal concerns. Neither her mentioning of these concerns nor Mr. Major's limited response to them creates an attorney-client relationship in these circumstances.

From the evidence, therefore, the Court concludes that Ms. Yang (1) did not seek legal advice in the manner that communicated to Mr. Major that he was to represent her; (2) did not convey confidential information to him for that purpose, (3) did not receive legal advice from

Mr. Major, and (4) could not have reasonably assumed that Mr. Major was acting on her behalf as her attorney.  Finally, even if Mr. Major and Ms. Yang did establish a momentary attorney relationship, it was of such inconsequence that it cannot provide grounds for denying Defendant the right to retain Mr. Major as his counsel in these circumstances.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the motion of the United States to disqualify Don Major as counsel for Defendant is DENIED.

cc:     Counsel of Record