FILED
Jeffrey A. Apperson, Clerk

JAN 1 8 2006

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:04CR-116-H

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

MICHAEL BLACK                                                      DEFENDANT

## JURY INSTRUCTIONS

**MEMBERS OF THE JURY**:

Now that you have heard all the evidence and the argument of the attorneys, it is my duty to give you instructions regarding the law that you must follow in deciding this case.

It is your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the defendant guilty of the crimes charged in the indictment.

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy, prejudice, or bias for or against the defendant or the Government. Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth from the evidence presented and to apply that truth to the legal instructions I shall give you.

You must follow the law as I explain it to you whether you agree with the law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against the defendant is not evidence of guilt. The defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the defendant not guilty.

Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a real doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt, therefore, is proof that is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the Government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

As I explained previously, you must decide what the facts are from the evidence that you saw and heard here in court. You may consider only the evidence that I have admitted in this case. The term "evidence" includes the sworn testimony of the witnesses and the exhibits admitted in the record. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

You have heard testimony that the defendant committed certain other acts or wrongs with a fifteen year old girl, other than the ones charged in the indictment. If you find the defendant

did those other acts or wrongs, you can consider that evidence only as it relates to the Government's claim on the defendant's intent, identity, and absence of mistake or accident. You must not consider it for any other purpose. Remember that the defendant is on trial here only for the crimes charged in the indictment, not for the other acts. Do not return a guilty verdict unless the Government proves the crimes charged in the indictment beyond a reasonable doubt.

Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you.

In considering the evidence you may draw reasonable inferences, deductions, and conclusions from the testimony and exhibits which reason and common sense lead you to make. In saying that you must consider all the evidence, I do not mean that you must necessarily accept all of the evidence as true or accurate. You are the sole judges of the credibility or believability of each witness and the weight to be given to the testimony of each witness.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the person impress you as one who was telling the truth? Did he or she have any particular reason not to tell the truth? Did he or she have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did he or she appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses?

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their

testimony deserves. Remember, witnesses are not the property of either the defendant or the Government; they merely give testimony which you should consider. Concentrate on that, not the numbers.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

Also, do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case.

In this case, the indictment charges six (6) separate offenses called "counts." The number of charges is not evidence of guilt, and this should not influence your decision in any way. The defendant is on trial only for the particular crimes charged in the indictment. It is your duty to consider separately the evidence that relates to each charge, and to return a separate verdict for each charge. For each charge, you must decide whether the Government has presented proof beyond a reasonable doubt that the defendant is guilty of that particular charge. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

INSTRUCTION NO. 1

In Count 1 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Section 2252A(a)(2)(A), which makes it a federal crime for any person to knowingly receive any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. For you to find Defendant guilty on Count 1 of the Indictment, you must be convinced that the Government has proved each of the following **three** elements beyond a reasonable doubt:

(1) Defendant knowingly received child pornography.

(2) The child pornography had been transported in interstate or foreign commerce by computer.

(3) At the time of the receipt, Defendant believed that such items constituted or contained child pornography.

The definitions contained in Instruction No. 7 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 1 on the verdict form. If not, say so by entering a not guilty verdict as to Count 1 on the verdict form.

INSTRUCTION NO. 2

In Count 2 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Section 2252A(a)(5)(B), which makes it a federal crime for any person to knowingly possess any book, magazine, periodical, film, videotape, computer disk, or any other material that contains any image of child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. For you to find Defendant guilty on Count 2 of the Indictment, you must be convinced that the Government has proved each of the following **three** elements beyond a reasonable doubt:

(1) Defendant knowingly possessed child pornography.

(2) The child pornography had been transported in interstate or foreign commerce by computer.

(3) At the time of the possession, Defendant believed that such items constituted or contained child pornography.

The definitions contained in Instruction No. 7 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 2 on the verdict form. If not, say so by entering a not guilty verdict as to Count 2 on the verdict form.

## INSTRUCTION NO. 3

In Count 3 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Section 2252A(a)(2)(A), which makes it a federal crime for any person to knowingly distribute any child pornography that has been mailed, or shipped or transported in interstate or foreign commerce by any means, including by computer. For you to find Defendant guilty on Count 3 of the Indictment, you must be convinced that the Government has proved each of the following **three** elements beyond a reasonable doubt:

(1) Defendant knowingly distributed child pornography.

(2) The child pornography had been transported in interstate or foreign commerce by computer.

(3) At the time of the distribution, Defendant believed that such items constituted or contained child pornography.

The definitions contained in Instruction No. 7 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 3 on the verdict form. If not, say so by entering a not guilty verdict as to Count 3 on the verdict form.

INSTRUCTION NO. 4

In Count 4 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Section 2252A(a)(6), which makes it a federal crime for any person to knowingly attempt to distribute, offer, send, or provide to a minor any visual depiction of a minor engaging in sexually explicit conduct by transmitting a wire communication in interstate commerce by computer for the purpose of inducing or persuading a minor to participate in any activity that is illegal. For you to find Defendant guilty on Count 4 of the Indictment, you must be convinced that the Government has proved each of the following **four** elements beyond a reasonable doubt:

(1) Defendant knowingly attempted to distribute, offer, send, or provide to a minor – here, a person or persons communicating as "tinagreeneyes2000" – a visual depiction of a minor engaging in sexually explicit conduct. For purposes of this element (1), it is not necessary that the person or persons communicating as "tinagreeneyes2000" actually be under the age of eighteen (18). It is sufficient if the Government proves beyond a reasonable doubt that Defendant believed that the person(s) communicating as "tinagreeneyes2000" was under the age of eighteen (18).

(2) Defendant did the conduct described in element (1) by transmitting a wire communication in interstate commerce by computer;

(3) Defendant did the conduct described in elements (1) and (2) for the purpose of inducing or persuading a minor – here, a person or persons communicating as "tinagreeneyes2000" – to participate in any activity that is illegal. For purposes of element (3), the "illegal activity" that the Government alleges Defendant attempted to engage in is oral-genital sexual intercourse and genital-genital sexual intercourse between a male over the age of nineteen

8

(himself) and a fifteen-year-old girl (the person(s) communicating as "tinagreeneyes2000"). It is not necessary that the person(s) communicating as "tinagreeneyes2000" actually be a fifteen-year-old girl. The Government must prove beyond a reasonable doubt that Defendant believed the person(s) communicating as "tinagreeneyes2000" was a fifteen-year-old girl.

(4) Defendant did some overt act that was a substantial step towards engaging in the conduct described in elements (1), (2), and (3) above.

Unless otherwise specified here, the definitions contained in Instruction No. 7 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 4 on the verdict form. If not, say so by entering a not guilty verdict as to Count 4 on the verdict form.

INSTRUCTION NO. 5

In Count 5 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Section 2251(a), which makes it a federal crime for any person to attempt to use, persuade, induce, entice, or coerce a minor to engage in sexually explicit conduct, specifically, oral-genital sexual intercourse, genital-genital sexual intercourse, masturbation, or the lascivious exhibition of the genital and pubic area of such minor, for the purpose of producing visual depictions of such conduct, knowing or having reason to know that such visual depictions would be transported in interstate commerce or be produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means. For you to find Defendant guilty on Count 5 of the Indictment, you must be convinced that the Government has proved each of the following **two** elements beyond a reasonable doubt:

(1) Defendant (a) intended to commit the crime of using, persuading, inducing, enticing, or coercing a minor to engage in sexually explicit conduct, specifically, oral-genital sexual intercourse, genital-genital sexual intercourse, masturbation, or the lascivious exhibition of the genital and the pubic area of such minor, (b) for the purpose of producing visual depictions of such conduct, (c) knowing or having reason to know that such visual depictions would be transported in interstate commerce or be produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means.

For purposes of this Instruction, it is not necessary that the "minor" referred to in (a), above – here, a person or persons communicating as "tinagreeneyes2000" – actually be under the age of eighteen (18). It is sufficient if the Government proves beyond a reasonable doubt that Defendant believed that the person(s) communicating as "tinagreeneyes2000" was under the age

of eighteen (18).

(2) Defendant did some overt act that was a substantial step towards engaging in the conduct described in element (1) above.

The definitions contained in Instruction No. 7 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 5 on the verdict form. If not, say so by entering a not guilty verdict as to Count 5 on the verdict form.

## INSTRUCTION NO. 6

In Count 6 of the Indictment, Defendant is charged with a violation of Title 18, United States Code, Section 2252A(a)(1), which makes it a federal crime for any person to knowingly transport any child pornography in interstate or foreign commerce. For you to find Defendant guilty on Count 6 of the Indictment, you must be convinced that the Government has proved each of the following **two** elements beyond a reasonable doubt:

(1) Defendant knowingly transported in interstate commerce an item or items of "child pornography."

(2) At the time of such transportation, Defendant believed that such item[s] constituted or contained "child pornography."

The definitions contained in Instruction No. 7 apply to this instruction.

If you believe from the evidence that the Government has proved each of these elements beyond a reasonable doubt, say so by entering a guilty verdict as to Count 6 on the verdict form. If not, say so by entering a not guilty verdict as to Count 6 on the verdict form.

## INSTRUCTION NO.7

The following definitions apply to Instructions 1 through 6.

(a) The term "child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

(b) Except as noted in Instructions 4 and 5, the term "minor" means any person under the age of eighteen (18) years.

(c) The term "sexually explicit conduct" means: (1) actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (2) bestiality; (3) masturbation; (4) sadistic or masochistic abuse; or (5) lascivious exhibition of the genitals or pubic area of any person.

(d) With regard to paragraph (c)(5) above, "lascivious exhibition," not every exposure of the genitals or pubic area constitutes a lascivious exhibition. In determining whether a visual depiction constitutes a lascivious exhibition, you should consider the context and the setting in which the genitalia or pubic area is being displayed. You may consider the overall content of the material. You may also consider such factors as whether the focal point of the visual depiction is on the minor's genitalia or pubic area, or whether there is some other focal point. You may consider whether the setting of the depiction is such as to make it appear to be sexually inviting or suggestive; for example, in a location or in a pose associated with sexual activity. In addition, you may consider whether the minor appears to be displayed in an unnatural pose or in

inappropriate attire. You may also consider whether the minor is partially clothed or nude. You may consider whether the depiction appears to convey sexual coyness or an apparent willingness to engage in sexual activity, and whether the depiction appears to have been designed to elicit a sexual response in the viewer. Of course, a visual depiction need not involve all of these factors to be a lascivious exhibition.

(e) The term "visual depiction" includes undeveloped film and videotape, and data stored on computer disk or by electronic means which is capable of conversion into a visual image.

(f) The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States. Proof of transmission of child pornography over the Internet or over telephone lines satisfies the interstate commerce element.

(g) The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand-held calculator, or other similar device.

(h) To act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

(I) "Possession" may be actual or constructive. To establish actual possession, the Government must prove that Defendant had direct, physical control over the pornography, and knew that he had control of it. To establish constructive possession, the Government must prove

14

that Defendant had the right to exercise physical control over the child pornography, and knew that he had this right, and that he intended to exercise physical control over the child pornography at some time, either directly or through other persons.

    (j) To "distribute" something simply means to deliver or transfer possession of it to someone else, with or without any financial interest in the transaction.

    (k) To be a "substantial step," as used in these instructions, Defendant's conduct must go beyond mere preparation, and must strongly confirm that he intended to engage in the conduct described in the first element of the relevant count. Merely preparing to commit a crime is not a substantial step. However, the Government does not have to prove that Defendant did everything except the last act necessary to complete the crime. A substantial step beyond preparation is sufficient.

Any verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.

To find the defendant guilty, every one of you must agree that the Government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the Government has failed to convince you beyond a reasonable doubt.

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. It is your duty as jurors to consult with one another, and to deliberate with a view toward reaching agreement, if you can do so without violence to individual judgment. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.

You must decide the case for yourself, but only after an impartial consideration of the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember, you are the judges of the facts. Your only interest is to seek the truth from the evidence in the case.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

If you decide that the Government has proved the defendant guilty, then it will be my job

to decide what the appropriate punishment should be. It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict. Your job is to look at the evidence and decide if the Government has proved the defendant guilty beyond a reasonable doubt.

Upon retiring to the jury room, you will select one of your number to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

A Verdict Form has been prepared for your convenience. You will take this form to the jury room and, if and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms which set forth the verdict with respect to each count in the case. You will then return with your verdict to the courtroom.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:04CR-116-H

UNITED STATES OF AMERICA                                              PLAINTIFF

V.

MICHAEL BLACK                                                          DEFENDANT

**VERDICT FORM**

We, the jury, find Defendant, Michael Black,

On Count 1        _____          _____
                  Guilty                   Not Guilty

On Count 2        _____          _____
                  Guilty                   Not Guilty

On Count 3        _____          _____
                  Guilty                   Not Guilty

On Count 4        _____          _____
                  Guilty                   Not Guilty

On Count 5        _____          _____
                  Guilty                   Not Guilty

On Count 6        _____          _____
                  Guilty                   Not Guilty

_____
FOREPERSON

Date: _____